(No. 73-CC-90

BUECKER PLUMBING, HEATING AND AIR CONDITIONING CO., A Corporation, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 14, 1974.*

DRACH, TERRELL AND DEFFENBAUGH, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

This matter comes before the Court on a Joint Stipulation as to Facts submitted by the claimant and respondent.

Pursuant to a public bid and letting, claimant entered into two certain contracts with respondent with respect to a project pertaining to work to be performed on a certain building owned or occupied by the respondent at 11th and Ash Streets, Springfield, Illinois. These contracts were entered into and approved by and through the Department of General Services on or about June 8, 1971, and June 30, 1971.

Phase I involved primarily work to be done below ground level, while Phase II involved primarily work to be done above ground level.

After the work called for in the contract referred to as Phase I had been commenced, the respondent revised the plans concerning the work to be performed under said Phase I, and requested the claimant to complete the work called for in Phase I in accordance with said revisions, which revisions were set forth in a series of change orders prepared by the claimant and approved by the Department.

Change Order No. 1, dated August 31, 1971, called for an additional expenditure of $7,458.08.

Respondent later determined it would be necessary to eliminate the above ground roof drainage system, as called for in the plans for Phase II, with a below ground drainage system not originally called for in the Phase I plans.

Plan changes were made by the claimant and claimant proceeded to construct the project in accordance with the revised plans.

This work was completed without the issuance of a proper Change Order.

When payment was requested for this particular work, it was denied on recommendation by the Consulting Architect on behalf of the Department of General Services on the grounds that the work for which payment was requested had been previously paid under Change Order No. 1 of Phase I, dated August 31, 1971.

As a result of this, claimant refused to sign a "Substantial Completion Form" and the Department of General Services therefore withheld the required retainage of $1,029.51.

A joint detailed study of the construction records and plans was then made by the claimant and representatives of the respondent, and as a result of this study, respondent has concluded that the claimant had performed work under the contract for which he had not been reimbursed in the amount of $10,972.45, and the claimant has concluded that the work for which he had not been reimbursed was $10,958.94.

The claimant has agreed to revise their claim from $13,011.94, plus retainage of $1,978.10, to the present claim of $10,958.94, plus retainage of $1,029.51, for a total claim of $11,988.45.

It is the opinion of the Court that the claimant is entitled to the sum of $11,988.45, and an award is hereby entered for the payment of said amount.